IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA R. THOMAS, | : | Case No. 4:14-CV-0543 |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | (Judge Brann) |
| | : | |
| KEYSTONE REAL ESTATE | : | |
| GROUP LP, | : | |
| | : | |
| Defendant. | : | |

........................................................................................................................

| | | |
|---|---|---|
| DEBORAH M. STEWART, | : | Case No. 4:14-CV-1050 |
| | : | |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| | : | |
| KEYSTONE REAL ESTATE | : | |
| GROUP LP, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

May 28, 2015

Plaintiffs Amanda R. Thomas and Deborah M. Stewart filed complaints of

employment discrimination pursuant to Title VII of the Civil Rights Act of 1964,

the Pennsylvania Human Relations Act, and the State College, Pennsylvania city

anti-discrimination ordinance. (Docket Number 4:14-CV-0543 ECF No. 1 and

Docket Number 4:14-CV-1050 ECF No. 1, respectively.)  Defendant in both

actions is the women's former employer, Defendant Keystone Real Estate Group,

LP.   Both cases were subsequently consolidated for discovery and trial by Order

dated August 28, 2014.  (Docket Number 4:14-CV-0543 ECF No. 43 and Docket

Number 4:14-CV-1050 ECF No. 9).  In the interim, Defendant Keystone Real

Estate Group, LP, filed motions to dismiss and motions to strike, while the

Plaintiffs filed motions to disqualify counsel.  (Docket Number 4:14-CV-0543

ECF No. 18 and 34 and Docket Number 4:14-CV-1050 ECF No. 14).

The Court took these pending motions under advisement, following a

hearing conducted on September 4, 2014, and subsequently issued memoranda

opinions and Orders dated March 31, 2015, which granted Defendant Keystone's

motions to dismiss; granted Defendant's first motion to strike in part; granted

Defendant's second motion to strike entirely; and denied Plaintiff's motion to

disqualify counsel.  (Docket Number 4:14-CV-0543 ECF No. 54 and Docket

Number 4:14-CV-1050 ECF No. 24).

Plaintiffs now seek the Court's recusal, pursuant to 28 U.S.C. § 144.  To that

end, Plaintiffs filed identical Affidavits under 28 U.S.C. § 144 on April 9, 2015.

(Docket Number 4:14-CV-0543 ECF No. 56 and Docket Number 4:14-CV-1050

ECF No. 25.)  Section 144 requires recusal if a judge harbors a "personal bias or

prejudice" against a party or "in favor of an adverse party."[1]  28 U.S.C. § 144.

"The affidavit must assert facts from which a sane and reasonable mind may fairly

infer bias or prejudice." *Hall v. Burkett*, 391 F. Supp. 237, 242 (W.D. Okla. 1975)

*citing Keown v. Hughes*, 265 F. 572 (CA1 1920).   "A recusal decision rests within

the sound discretion of the judge whose recusal is sought."  *Zlotnick v. Hubbard*,

572 F. Supp. 2d 258, 267 (N.D.N.Y. 2008) *citing United States v. Lovaglia*, 954

F.2d 811, 815 (2d Cir.1992) (internal citation omitted).

     "The statute does not command automatic disqualification." *Hall*, 391 F.

Supp. at 240.  Rather, the Court is required to consider whether its rulings and

statements objectively demonstrate the appearance of bias against Plaintiffs

Thomas and Stewart in favor of Defendant Keystone. As explained by the United

States Supreme Court, bias and prejudice shall be "evaluated on an objective basis,

so that what matters is not the reality of bias or prejudice but its appearance."

*Liteky v. United States*, 510 U.S. 540, 538, 114 S. Ct. 1147, 127 L. Ed. 2d 474

(1994). Specifically, this objective standard mandates recusal when a "reasonable

---

[1]Requests pursuant to Section 144 must be both timely and legally sufficient.
*See Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L.Ed. 481 (1921).  The
Court deems the request to have been made timely, accordingly, the instant
Memorandum Opinion deals only with the legal sufficiency of the request.

man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (*citing United States v. Dalfouso*, 707 F.2d 757, 760 (3d Cir. 1983). "It is the judge's duty to refuse to sit when he is disqualified, but it is equally his duty to sit when there is no valid reason for recusal." *Hall*, 391 F. Supp. at 240 *citing Banco Nacional de Cuba v. Sabbatino*, 307 F.2d 845 (CA2 1962), *reversed on other grounds*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804.

The United States Court of Appeals for the Third Circuit has also stated, repeatedly, that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacomm, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (*citing In re: TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) and *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). Furthermore, as the Honorable Christopher C. Conner, of this Court, noted in *Conklin v. Warrington Township*, 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007): "[T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings," *citing In Re Antar* 71 F.3d 97 (3d Cir. 1995); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993). Finally, and significantly, "alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits or on

some basis other than what the judge learned from his participation in the case."

*United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d

779 (1966).

The Court now turns to the particulars of the Plaintiffs' motions.  In this

case, there is no evidence of – and the Court firmly disclaims the existence of –

any bias or prejudice generated from an extrajudicial source.

The Plaintiffs seek disqualification for two reasons.  First, Plaintiffs believe

that "Judge Brann made unfair, inaccurate, and insulting comments concerning our

lawyer" and that the Court "chose to degrade and defame Plaintiffs' counsel by

alleging that he was being defamatory and/or incompetent."  Second, that the Court

"acted more to protect the reputation of the defendant business than to enhance the

integrity of the Court "and that the Court's memoranda opinions of March 31,

2015 "created the appearance that the Court was more concerned with the Heim

family name that it was with the general allegations about drug usage, and all the

misconduct of the Defendant's agents directed to both Plaintiffs."  (Docket

Number 4:14-CV-0543 ECF No. 56 and Docket Number 4:14-CV-1050 ECF No.

25).

The first disqualification argument advanced by the Plaintiffs is centered on

the Court's brusque characterization of Plaintiffs' "counsel's defamatory,

incendiary motives or his plain incompetence." (Docket Number 4:14-CV-0543 ECF No. 53). Bias against a party's counsel is ordinarily insufficient to require disqualification. *See In re Cooper*, 821 F.2d 833 (1st Cir. 1987). However, bias against an attorney may require disqualification if the hostility is "so virulent and of such magnitude that it prejudices the judge against the attorney's client." *United States v. Ahmed*, 788 F. Supp. 196 (S.D. NY 1992), *aff'd,* 980 F.2d 161 (2nd Cir. 1992).

In these matters, the undersigned has no independent knowledge of the parties or either counsel. The undersigned has neither lived in nor engaged in the practice of law in Centre County, Pennsylvania and has never read or even heard of either of the Plaintiffs, the Defendant, employees of the Defendant, or members of the Heim family prior to having been randomly assigned to preside over these cases. Moreover, and with due respect to both counsel, the undersigned has never read or heard of either counsel for the Plaintiffs or counsel for the Defendant prior to the filing of these cases.

As noted, however, in the memoranda opinions of March 31, 2015, the Court found Plaintiffs' Motions to Disqualify and the accompanying briefs and exhibits as encompassing impertinent and scandalous matter for the reasons articulated. The language in these documents, which the undersigned invites the

reader to peruse and consider, is overwrought, hyperbolic and profane. The language has no relation to the issue addressed in the motions and briefs or in the relief sought. Additionally, the Court admonished Plaintiffs' counsel, as it had previously in chambers on September 4, 2014, that the docketing as an exhibit of a nude photograph of a former employee of Defendant, and a likely witness in the litigation, without first requesting that this exhibit be sealed, pursuant to Middle District Local Rule 5.8 was unprofessional conduct. What the Plaintiffs and apparently their counsel fail to grasp in this regard is not that the submission of this photograph as an exhibit is unprofessional; indeed the exhibit may well prove relevant. Rather, the submission of a salacious exhibit, without first requesting that the Court consider sealing the exhibit anticipated to be docketed, is unprofessional, designed specifically to cause scandal. It is standard practice in federal court to request the sealing of such exhibits; this should be well known to Plaintiffs' counsel, who has, after all, been a member of the Bar of the Middle District since 1980.

Finally, the Plaintiffs allege in their 28 U.S.C. § 144 Affidavits that this Court has sought to protect the reputation of the family which owns Defendant Keystone Real Estate by striking allegations of drug use at this agency. The Plaintiffs make no claims that the undersigned has developed a disqualifying bias

or prejudice against them and in favor of the Heim family from an extrajudicial source.  Nor can they.

As noted above, this Court is completely unfamiliar with either the parties or counsel of record, save for its review of the pleadings and papers filed in these cases and its brief telephone conferences with counsel and their appearance at the September 4, 2014 hearing.  Federal Rule of Civil Procedure 12(f) permits courts to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike made pursuant to this rule are decided on the pleadings alone; they should not be granted unless the relevant insufficiency is evident.  In the memorandum opinion docketed in *Thomas v. Keystone Real Estate Group, LP,* No. 4:14-CV-00543, I cited to an opinion from my late predecessor in the Williamsport division of this Court, the Honorable James F. McClure, Jr., who stated in *Hanselman v. Olsen*, No. 4:05-CV-1834, 2006 WL 47655 at *1 (M.D. Pa. Jan 9, 2006) (McClure, J.) That a motion brought under Rule 12(f) should "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."

In this matter, the Plaintiffs' reference to what can only be characterized as criminal drug activity is both immaterial and prejudicial.  It has no possible relation to the controversy.  The Plaintiffs' complaints sound in employment discrimination

based on gender discrimination, sexual harassment, and hostile work environment.

None of these claims depend on or relate to the alleged existence of the illicit drug

activity of various Keystone employees.  As such, the Court deemed them

prejudicial to the Defendant.  The Court also notes that while the Defendant sought

to strike additional paragraphs of the Plaintiffs' complaints relating to scandalous

and graphic sexual depictions (as referenced above), these paragraphs were deemed

relevant to the underlying legal claims and the motion to strike, in this regard,

denied.

"[Section 144] must be strictly construed in order to safeguard the judiciary

from frivolous attacks on its dignity." *United States v. Moore*, 405 F. Supp. 771,

772 (S.D.W. Va. 1976) *citing United States v. Valenti*, 120 F.Supp. 80 (D.C.N.J.

1954).   The allegations in the affadavits filed by the Plaintiffs are just that - a

frivolous attack on the dignity of this Court.   The affidavits have absolutely no

basis in truth, and no reasonable man person could infer bias or prejudice against

Plaintiffs and in favor of Defendants because there is none.  Plaintiffs' Affidavits

under 28 U.S.C. § 144 fail to present any extrajudicial facts evidencing bias or

prejudice in favor of one party and against the other.  Blunt critique of Plaintiffs'

counsel's language, tactics, and antics is insufficient to require disqualification.

There is no valid legal or rational reasons supporting recusal in these cases and the

9

Court declines to do so.  To the extent that the affidavits serve as motions for

recusal, they are denied.

An appropriate Order will follow.


BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge